AO 108  (Rev. 12/03) Application for Seizure Warrant

**FILED**

OCT 1 7 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

District of _____

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

All monies, funds and credits in an amount not less than
$114,643.78 in JPMorgan Chase & Co. account numbers
3317596327 and 638261680

### APPLICATION AND AFFIDAVIT
### FOR SEIZURE WARRANT

CASE NUMBER: **17MJ3885**

I, Jesse Crim _____, being duly sworn depose and say:

I am a(n) Special Agent with the Federal Bureau of Investigation _____ and have reason to believe
Official Title

that in the Southern _____ District of Ohio _____
there is now certain property which is subject to forfeiture to the United States, namely (describe the property to be seized)
All monies, funds and credits in an amount not less than $114,643.78 in JPMorgan Chase & Co. account numbers
3317596327 and 638261680, held in the name of Humberto Ruiz Bernadac, located at the JPMorgan Chase Court Orders
and Levies Department, 350 South Cleveland Avenue, Westerville, Ohio, 43081

which is (state one or more bases for seizure under the United States Code)
proceeds of one or more violations of 21 U.S.C. § 841, and also represent property involved in violations of 18 U.S.C. 1956(a)(1)(B).

concerning a violation of a Title _____ United States Code, Section(s) _____ .
The facts to support a finding of probable cause for issuance of a Seizure Warrant are as follows:
See attached Affidavit.

Continued on the attached sheet and made a part hereof.    ☑ Yes   ☐ No

_____
Signature of Affiant

Sworn to before me, and subscribed in my presence

10/17/2017 _____ at   San Diego _____   California
Date                                                                   City                                    State

Hon. Ruben B. Brooks        U.S. Magistrate Judge
Name of Judge                   Title of Judge

_____
Signature of Judge

FILED

OCT 1 7 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

IN THE MATTER OF THE SEIZURE OF

All monies, funds and credits in an amount not less than $114,643.78 in JPMorgan Chase & Co. account numbers 3317596327 and 638261680 in the name of Humberto Ruiz Bernadac

AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT

# 17MJ3885

I, Jesse Crim, a Special Agent with the Federal Bureau of Investigation, after being duly sworn, state:

## INTRODUCTION

1.     I make this affidavit in support of an application for a seizure warrant for all monies, funds and credits contained in and attributable to two bank accounts more fully described below which I have probable cause to believe contain proceeds of specified unlawful activity and are property involved in the offense of money laundering.

## EXPERIENCE AND TRAINING

2.     I am a Special Agent with the Federal Bureau of Investigation (FBI) and I have been so employed for over 3 years. Prior the joining the FBI, I served as an Infantry Officer in the United States Army. I am presently assigned to the Cross Border Violence Task Force (CBVTF). The CBVTF investigates crimes committed by drug trafficking organizations (DTOs) and I have been involved in numerous investigations involving individuals and criminal organizations involved in drug trafficking and money laundering. Prior to my assignment with the CBVTF, I completed the 21-week FBI Academy and was trained in investigative techniques, procedures, and strategies. I have also received specialized training in transnational organized crime and money laundering techniques utilized by the DTOs.  I have also participated in long term and complex investigations in which drug traffickers and money launderers relied heavily on the use of domestic and international financial systems to facilitate the transfer and laundering of bulk cash

narcotics proceeds. Through my investigations, my training and experience, and discussions with other law enforcement personnel, I have become familiar with the tactics and methods used by drug traffickers and money launderers to collect and launder the proceeds from the sale of controlled substances and the clandestine manufacturing of narcotics. These tactics and methods include, among other things, using cellular telephones, encrypted messaging applications, false or fictitious identities, and compartmentalized and coded conversations regarding drugs and drug proceeds and money laundering methods such as structuring, layering, and the employment of structuring, funnel accounts, and the use of international wire transfers to transfer bulk cash narcotics proceeds. As a Special Agent, I am authorized to investigate violations of federal law, including drug trafficking in violation of Title 21 of the United States Code and money laundering in violation of Title 18 of the United States Code.

3.     This affidavit is made in support of a seizure warrant for all monies, funds and credits contained in and attributable to two bank accounts which I have probable cause to believe are proceeds the sales of narcotics in violation of 21 U.S.C. §§ 841, 952, 960, and 963, and property involved in the offense of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B).

4.     Title 18, United States Code, Section 1956 provides, in pertinent part: "Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source. The ownership or the control of the proceeds . . . shall be sentenced . . . ." 18 U.S.C. § 1956(a)(1)(B).

5.     The facts set forth below are derived from my knowledge of or review of the following sources: reports, materials, and information provided to me by employees of the Federal Bureau of Investigation or other government agencies, information obtained from

2

1   my interviews with witnesses (to include the sole signatory and account holder), records I
2   have obtained, my discussions with other law enforcement agents and my review of their
3   reports, open source data and/or my own training and experience. I have personally
4   reviewed reports and evidence supporting the information contained in this affidavit. This
5   affidavit does not contain all information known about the criminal activities being
6   investigated but are sufficient to establish probable cause for issuance of a seizure warrant.

7   **ACCOUNTS TO BE SEIZED**

8       6.      This affidavit is being made in support of an application for a seizure warrant
9   for all monies, funds and credits in an amount not less than $114,643.78 in JPMorgan Chase
10  & Co. account numbers 3317596327 and 638261680 in the name of Humberto Ruiz
11  Bernadac, held at the JPMorgan Chase Court Orders and Levies Department, 350 South
12  Cleveland Avenue, Westerville, Ohio, 43081 (the **subject accounts**). Based upon the
13  following facts, there is probable cause to believe that the contents of the **subject accounts**
14  represent the proceeds of one or more violations of 21 U.S.C. § 841, and also represent
15  property involved in violations of 18 U.S.C. 1956(a)(1)(B). Consequently, the contents of
16  these **subject accounts** are subject to seizure and forfeiture to the United States pursuant
17  to 18 U.S.C. § 981(a)(1)(A) and (C) and (b), 18 U.S.C. § 982(a)(1), and 21 U.S.C. § 881.

18  **FACTS SUPPORTING PROBABLE CAUSE**

19  Background of Investigation

20      7.      The FBI has been investigating a Tijuana, Mexico, based money laundering
21  organization (MLO) since 2016. A review of financial records, surveillances, e-mail search
22  warrants, Grand Jury Subpoenas, interviews of multiple witnesses, and the operation of
23  confidential human sources, has revealed that this MLO, which was operated by Manuel
24  Alejandro GARCIA, laundered millions of United States currency on behalf of Sinaloa-
25  based drug trafficking organizations. To accomplish its goal of laundering money, the
26  MLO recruited friends and associates to open bank accounts in the United States. Members
27  of the GARCIA MLO would then travel to the United States, pick up, and then deposit

28
                                        3

cash into these bank accounts, typically in $40,000 to $50,000 increments. The GARCIA MLO paid these account holders $100 to $150 for their services in Tijuana after they completed wire transfers of the funds to Mexican bank accounts.

8.     Beginning in June 2016, the CBVTF interviewed Humberto RUIZ Bernadac, a former member of the GARCIA MLO.[1] RUIZ worked closely with GARCIA and other co-conspirators to operate the MLO for several years. RUIZ helped create false companies and their associated bank accounts that the MLO used to transfer bulk cash narcotics proceeds from the United States to Mexico.

9.     RUIZ also traveled into the United States on multiple occasions to pick up, deposit, and facilitate the transfer of bulk cash narcotics proceeds to Mexican accounts associated with the MLO. More specifically, RUIZ traveled multiple times to east coast cities such as New York City, Boston, and Chicago at GARCIA's direction to pick up bulk cash. Typically, RUIZ received a phone number for the person holding the bulk cash and a "code name." Upon arriving at his destination, RUIZ called the phone number, provided the "code name" and arranged a physical meeting. At the meeting, the holder of the bulk cash would give it to RUIZ. RUIZ then physically deposited the bulk cash, or worked with other individuals employed by the MLO to deposit the money into U.S. bank accounts. RUIZ and others would deposit the cash into accounts at various financial institutions in amounts ranging from $40,000 to $50,000. Other members of the GARCIA MLO then directed the account holders to wire transfer the cash to Mexican bank accounts controlled by the GARCIA MLO. If RUIZ deposited the bulk cash into his own account(s), he then personally wire transferred the money in his account to a Mexican bank account provided by the MLO.

---

[1] RUIZ is currently in state custody in San Diego County. He was arrested in March 2016 transporting approximately 26 kilograms of cocaine. RUIZ is cooperating with the understanding that his cooperation may result in a favorable sentencing recommendation. To date, RUIZ has provided accurate information that has been corroborated by, among other things, information provided by other confidential human sources, e-mail search warrants, financial records, and physical surveillance.

The Subject Accounts

10.   During one of the interviews, RUIZ stated that the **subject accounts**, which he utilized in the above-described manner to deposit bulk cash narcotics proceeds and transfer the cash to Mexico, were frozen by the financial institution for suspicious activity. RUIZ had deposited and/transferred approximately $114,000 in bulk cash narcotics proceeds into the **subject accounts** prior to them being frozen by the bank. As is typical by banks, the balance of the **subject accounts** was disbursed in the form of a cashier's check and mailed to the address on file for the account holder.  Around the same time, RUIZ returned to Mexico after losing a wallet with his United States Visa and identification and was unable to access the funds in the frozen **subject accounts**. As a result, GARCIA twice kidnapped RUIZ, physically beat him, and stated he would send "sicarios" (or assassins) to murder RUIZ, his family, and girlfriend.

11.   In August 2017, the CBVTF contacted JPMorgan Chase & Co. and asked about the frozen **subject accounts**. JPMorgan Chase confirmed that the **subject accounts** formerly controlled by RUIZ were closed in October 2014 by the financial institution for suspicious activity. After the **subject accounts** were closed by the JPMorgan Chase Fraud Department, a check was mailed to RUIZ at the address on file. However, the check was never cashed.  JPMorgan Chase subsequently canceled the check on November 17, 2014. JPMorgan Chase confirmed that Humberto Ruiz Bernadac was the sole owner of the **subject accounts**. JPMorgan Chase also informed agents that the balance of the **subject accounts** was $114,643.78 and that this money was still in its possession.

12.   After learning that JPMorgan Chase had $114,643.78 in the **subject accounts**, I contacted RUIZ and his defense counsel in the state case, John Kelly. Through his attorney, RUIZ agreed in writing to voluntarily forfeit the balance of the **subject** accounts. See Consent to Forfeiture And Waiver of Timely Notice (attached).

## CONCLUSION

13.   Based upon the above-stated facts, there is probable cause to believe that the

1  contents of the aforementioned bank account held by JPMorgan Chase, represent the
2  proceeds of narcotics sales in violation of 21 U.S.C. §§ 841, 952, 960, and 963, and
3  represent property involved in the offense of money laundering in violations of 18 U.S.C.
4  § 1956(a)(1)(B).  Consequently, the contents of these accounts are subject to seizure and
5  forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) and (b), 18 U.S.C. § 982(a)(1), and
6  21 U.S.C. § 881.

7      14.    For all of the aforementioned reasons, your affiant respectfully requests a
8  seizure warrant be issued for all monies, funds and credits contained in and attributable to
9  the **subject accounts**.  I further request that this affidavit, the application, and the warrant
10 (except for a copy to be served upon JPMorgan Chase & Co.) be sealed due to the ongoing
11 investigation and pending further order of the Court.

Jesse Crim
Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me this 17th day of October, 2017.

HONORABLE  RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

6

CONSENT TO FORFEITURE AND WAIVER OF TIMELY NOTICE

The Federal Bureau of Investigation seized the following ___**$114,643.78**___ (property)

from __HUMBERTO RUIZ BERNADAC__ (Name) on _____ (date) pursuant to __21 U.S.C. §881__ (forfeiture authority).

### SEE ATTACHMENT "A"

*I understand that pursuant to 18 U.S.C. § 983, the FBI is required to send notice in non-judicial civil forfeiture matters. Having been advised of my rights regarding notice, I hereby knowingly and voluntarily waive my rights to such notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to me if notice is not sent within the prescribed time frames. I voluntarily waive all constitutional, legal and equitable claims arising out of and/or defenses to the forfeiture of this property in any proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment, including any claim of excessive fine. I agree to not contest or assist anyone else in contesting the forfeiture on any other ground. I further agree not to petition or assist anyone else in petitioning for the remission or mitigation of the forfeiture.*

*I hereby agree to unconditionally release and hold harmless the FBI, its officers, employees and Agents, from any and all claims, demands, damages, cause of actions or suits, of whatever kind and description, and wheresoever situated, that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure of the above described property.*

*Party Consenting to Forfeiture:*

Name: HUMBERTO RUIZ BERNADAC

Address: GEORGE BAILEY DETENTION CENTER

_____

Telephone: _____

Date of Birth: 9/25/1992

Social Security Number: _____

Signature: _____

Date: 09-1-17

_____
*Counsel for Defendant*

_____
*(AUSA's Name)*
**Assistant United States Attorney**

*ATTACHMENT "A"*

*Description of Property* $114,643.78 — BALANCE OF BANK ACCOUNTS
3317596327 and 638261680 — JP MORGAN CHASE

*Vehicle Identification Number (VIN)* _____
*(if applicable)*

*Serial Number* _____
*(if applicable)*

1  ALANA W. ROBINSON
   Acting United States Attorney
2  JOSE S. CASTILLO
   Assistant United States Attorney
3  California Bar No. 247872
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 546-6745

6  Attorneys for United States of America

7              **UNITED STATES DISTRICT COURT**

8            **SOUTHERN DISTRICT OF CALIFORNIA**

9  | In the Matter of the Seizure of: | **No.** |
   |---|---|
10 | | |
11 | All monies, funds and credits in an amount not less than $114,643.78 in JPMorgan Chase & Co. account numbers 3317596327 and 638261680, held in the name of Humberto Ruiz Bernadac, located at 350 South Cleveland Avenue, Westerville, Ohio, 43081 | MOTION TO SEAL |
12 | | 1) APPLICATION; |
13 | | 2) WARRANT; 3) AFFIDAVIT IN SUPPORT; AND |
14 | | 4) THIS MOTION AND ORDER |
15 | | **[UNDER SEAL]** |
16

17         The United States of America, by its counsel, moves to seal the: 1) Application

18 for Seizure Warrant; 2) Warrant to Seize Property Subject to Forfeiture; 3) Affidavit In

19 Support of Seizure Warrant (except for a copy to be served upon JPMorgan Chase &

20 Co.), and 4) this Motion and Order in the above-captioned matter.

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

1    These documents disclose an ongoing covert investigation.  Disclosure in the
2    public record at this time likely would cause some of the targets to flee to avoid
3    prosecution, destroy or discard evidence, and otherwise seriously jeopardize the
4    investigation.

5         DATED: October 17, 2017          Respectfully submitted,

6                                          ALANA W. ROBINSON
7                                          Acting United States Attorney

8
9
10                                         JOSE S. CASTILLO
                                           Assistant U. S. Attorney
11
12    **SO ORDERED**.
13         DATED: October 17, 2017

14                                         HONORABLE RUBEN B. BROOKS
15                                         UNITED STATES MAGISTRATE JUDGE
16
17
18
19
20
21
22
23
24
25
26
27
28